UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'     JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-05590-CAS(RAOx) | Date | September 26, 2016 |
| Title | CHARLES RODRIGUEZ v. US BANK NATIONAL ASSOCIATION, DBA US BANK, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Jason Hatcher                                        Joan Fife

**Proceedings:**      PLAINTIFF'S MOTION FOR REMAND (Dkt. 11, filed August 19, 2016)

## I. INTRODUCTION

On June 9, 2016, plaintiff Charles Rodriguez filed his first amended complaint in a putative class action in the Los Angeles County Superior Court against defendants US Bank National Association, dba US Bank, and Does 1–100, inclusive. Dkt. 1-1, Ex. A ("Compl."). The complaint alleges eleven causes of action: (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) a "use-it-or-lose it" forced vacation policy; (6) failure to pay timely earned wages upon separation of employment; (7) failure to provide accurate and itemized wage statements; (8) failure to maintain accurate, complete, and readily available employment records; (9) unfair competition; (10) declaratory relief; and (11) a claim under the Private Attorneys General Act ("PAGA"). Plaintiff served a copy of the summons and complaint on US Bank ("defendant") on June 27, 2016. Dkt 1 at 2 ("Notice of Removal").

On July 27, 2016, defendant removed this action to federal Court. Dkt. 1. On August 19, 2016, plaintiff filed a motion to remand the case to California state court. Dkt. 12 ("Mot."). On September 2, 2016, defendant filed its opposition to plaintiff's motion to remand, dkt. 14 ("Opp'n"), and on September 12, 2016, plaintiff filed his reply, dkt. 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-05590-CAS(RAOx) | Date | September 26, 2016 |
| Title | CHARLES RODRIGUEZ v. US BANK NATIONAL ASSOCIATION, DBA US BANK, ET AL. | | |

On August 19, 2016, defendant moved to dismiss this action for failure to state a claim. Dkt. 13. On September 2, 2016, plaintiff filed his opposition to defendant's motion to dismiss, dkt.15, and on September 12, 2016, defendant filed its reply, dkt. 17.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff worked for defendant as an hourly, non-exempt retail banking employee from approximately 2013 to 2015. Compl. ¶ 6. Plaintiff and the putative class members he seeks to represent are California persons who are current and former employees who worked as non-exempt employees for defendant's retail banking locations during the four-year period preceding the filing of plaintiff's complaint. Id. ¶ 20. Plaintiff also identifies eight sub-classes: (1) the "Off the Clock" Class; (2) the "Overtime" Class; (3) the "Meal Break" Class; (4) the "Rest Period" Class; (5) the "Vacation" Class; (6) the "Pay Stub" Class; and (7) the "Waiting Time Penalties" Class. Id. ¶ 37. Plaintiff raises eleven causes of action under the California Labor Code, the California Business and Professions Code, and PAGA.

Specifically, plaintiff first alleges that defendant "systematically, routinely and willfully" failed to pay the required minimum wage to him and the other class members in violation of California Labor Code §§ 510, 1194, 1194.2, and 1197, and the applicable Wage Orders of the California Industrial Welfare Commission ("IWC"). Id. ¶ 47–57. Plaintiff does not specify how often defendant failed to pay the minimum wage, how many class members were not paid the minimum wage, or the discrepancy between the wages actually paid and the minimum wage.

Second, plaintiff alleges that defendant failed to pay overtime wages in violation of California Labor Code §§ 510 and 1194 and the applicable IWC Wage Order. Id. ¶ 58–67. Plaintiff avers that defendant maintained a "uniform corporate policy and practice [that] routinely required its non-exempt employees, including Plaintiffs, to work over eight hours in a day and over forty hours in a workweek. . . . Thus, Plaintiffs and the members of the class regularly and customarily performed overtime work." Id. ¶ 63.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 2:16-cv-05590-CAS(RAOx) | Date | September 26, 2016 | |
| Title | CHARLES RODRIGUEZ v. US BANK NATIONAL ASSOCIATION, DBA US BANK, ET AL. | | | |

Beyond the general assertion that the class members worked in excess of 8 hours in a day and/or 40 hours in a week, plaintiff does not allege how frequently class members worked overtime nor how frequently they worked overtime hours for which they were not properly paid.

 Third, plaintiff alleges that defendant violated California Labor Code §§ 226.7 and 512(a) and the applicable IWC Wage Order by failing to authorize uninterrupted meal breaks and failing to provide timely and compliant meal breaks of not less than 30 minutes.  Id. ¶ 68–76.  Plaintiff avers that he and the other class members were "routinely required to work without an uninterrupted meal break" at defendant's direction.  Id. ¶ 72. Plaintiff does not specifically allege how frequently he and other class members were denied the opportunity to take meal periods, or how frequently defendant failed to fully compensate them for work performed during those periods.

 Fourth, plaintiff alleges that defendant violated California Labor Code § 226.7 and the applicable IWC Wage Order by failing to provide required rest periods.  Id. ¶ 77–89. Plaintiff contends that defendant had a "uniform lack of a relief system," id. ¶ 81, that defendant "systemically and uniformly failed and/or refused to implement a relief system," id. ¶ 82, and that "Class members, including Plaintiffs, were routinely required to work through or without rest breaks," id. ¶ 86.  Plaintiff does not specifically allege how frequently he and other class members were denied the opportunity to take rest periods, or how frequently defendant failed to fully compensate them for work performed during those periods.

 Fifth, plaintiff alleges that defendant required plaintiff and class members to use earned vacation before the new year's accrual or suffer forfeiture, in violation of California Labor Code § 227.3.  Id. ¶¶ 90–94.  Plaintiff does not specifically allege the number of class members who were forced to comply with the "use it or lose it" vacation policy.

 Sixth, plaintiff alleges that defendant failed to pay timely earned wages upon separation of employment to plaintiff and other class members who are no longer employed by defendant, in violation of California Labor Code §§ 201 and 202.  Id. ¶¶ 95–98.  He does not specify how many class members left defendant's employ during the class period or how many were not paid their wages on termination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'      JS-6

| Case No. | 2:16-cv-05590-CAS(RAOx) | Date | September 26, 2016 |
|---|---|---|---|
| Title | CHARLES RODRIGUEZ v. US BANK NATIONAL ASSOCIATION, DBA US BANK, ET AL. | | |

Seventh, plaintiff alleges that defendant failed to provide complete and accurate wage statements to plaintiff and other class members, in violation of California Labor Code § 206(a). Id. ¶¶ 99–105. He does not specify how frequently defendant failed to do so. Plaintiff avers that his and class members' wage statements did not reflect hours worked that were uncompensated, premium payments for meal and rest periods, and forfeited vacation pay. Id. ¶ 103.

Eighth, plaintiff alleges that defendant, pursuant to its "policy or practice," failed to keep accurate, complete, and readily available records in violation of California Labor Code §§ 226, 1174, and 1198.5, and the applicable IWC Wage Order. Id. ¶ 105–119. Plaintiff does not specifically allege the length of time during which defendant failed to keep these records.

Ninth, plaintiff alleges that, as a result of the above violations of California law, defendant engaged in unfair business practices, in violation of California Business and Professions Code § 17200 et seq. Id. ¶¶ 120–133.

Tenth, plaintiff seeks declaratory relief, specifically a declaration as to his rights with respect to the allegedly unlawful and unfair conduct of defendant. Id. ¶¶ 134–137.

Eleventh, plaintiff asserts the claims in the complaint individually and on behalf of all aggrieved hourly non-exempt employees in his capacity as a private attorney general under the PAGA, Cal. Labor Code § 2699 et seq. Id. ¶¶ 138–148.

Plaintiff does not specify or limit the total recovery sought on behalf of the class.

In support of removal, defendant asserts that this Court may hear the case pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2). Notice of Removal ¶ 5.

### III.   Legal Standards

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-05590-CAS(RAOx) | Date | September 26, 2016 |
| Title | CHARLES RODRIGUEZ v. US BANK NATIONAL ASSOCIATION, DBA US BANK, ET AL. | | |

question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, 2011 WL 662324, *1 (C.D. Cal. Feb. 11, 2011) (explaining the two types of jurisdiction). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

In addition to federal question and diversity jurisdiction, CAFA gives federal courts jurisdiction over certain class actions if: (1) "the class has more than 100 members"; (2) "the parties are minimally diverse"; and (3) "the amount in controversy exceeds $5 million." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 552 (2014). There is no presumption against removal jurisdiction in CAFA cases; however, the defendant still bears the burden of establishing removal jurisdiction. Id. at 554.

CAFA's "minimal diversity" requirement means that "a federal court may exercise jurisdiction over a class action if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" Mississippi ex rel. Hood v. AU Optronics Corp., 134 S.Ct. 736, 740 (2014) (quoting 28 U.S.C. § 1332(d)(2)(A)).

In determining the amount in controversy, courts first look to the complaint. "Generally, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (quotation marks omitted); see also Coleman v. Estes Express Lines, Inc., 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (Collins, J.)("In deciding the amount in controversy, the Court looks to what the plaintiff has alleged, not what the defendants will owe."), aff'd 631 F.3d 1010 (9th Cir. 2011). "[W]hen the defendant's assertion of the amount in controversy is challenged by plaintiffs in a motion to remand, the Supreme Court has said that both sides submit proof and the court then decides where the preponderance lies." Ibarra, 775 F.3d at 1198. "Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." Id.

Where, as here, the amount in controversy is contested, and the plaintiff does not plead a specific amount in controversy, the proponent of federal jurisdiction must establish it by a preponderance of the evidence. Dart Cherokee, 135 S. Ct. at 550;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'     JS-6

| Case No. | 2:16-cv-05590-CAS(RAOx) | Date | September 26, 2016 |
|---|---|---|---|
| Title | CHARLES RODRIGUEZ v. US BANK NATIONAL ASSOCIATION, DBA US BANK, ET AL. | | |

Rodriguez v. AT&T Mobility Servs. LLC, 728 F.3d 975, 981 (9th Cir. 2013). In determining whether the removing party has satisfied this burden, the district court may consider facts in the removal petition and "'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997) (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335–36 (5th Cir. 1995)). A defendant need not "research, state, and prove the plaintiff's claim for damages," Coleman, 730 F. Supp. 2d at 1148, particularly because the question asks only the amount that plaintiff has put at issue, not how much the defendant actually owes. Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010). Still, courts cannot base jurisdictional determinations on "speculative and self-serving assumptions about key unknown variables" that are not clearly suggested by the pleadings or supported by evidence. Garibay v. Archstone Communities LLC, 539 Fed. Appx. 763, 764 (9th Cir. 2013) (finding the evidence insufficient where the defendant proffered a declaration by a supervisor of payroll setting forth only the number of employees, the number of pay periods, and general information about hourly wages); Roth v. Comerica Bank, 799 F. Supp. 2d 1107, 1127 (C.D. Cal. 2010) (Morrow, J.) ("[W]hen applying the preponderance of the evidence standard to California Labor Code claims, many California district courts have refused to credit damage calculations based on variables not clearly suggested by the complaint or supported by evidence, concluding that the calculations are mere conjecture.") (collecting cases).

**IV. Analysis**

    **A. Numerosity**

The Court finds that defendant has adequately established that the class contains more than 100 members. Specifically, defendant submitted the declaration of Ariel Kumpinsky, a consultant who analyzed data provided by counsel for defendant, who states that defendant employed 2,629 non-exempt employees in retail branches in California from April 15, 2015 to July 19, 2016 (the "Pay Stub" class members). Dkt 1, Ex C ("Kumpinsky Decl.") ¶ 6. Plaintiff does not estimate the number of class members in his complaint, does not contest defendant's allegations as to the number of class members, and provides no evidence to contradict defendant's class estimate.

Accordingly, defendant has met its burden of establishing that plaintiff's putative class contains more than 100 members.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-05590-CAS(RAOx) | Date | September 26, 2016 |
| Title | CHARLES RODRIGUEZ v. US BANK NATIONAL ASSOCIATION, DBA US BANK, ET AL. | | |

### B. Diversity

Defendant alleges that it is a citizen of Ohio because it is a national banking association with its main office in Cincinnati, Ohio. Notice of Removal ¶ 10. Plaintiff alleges that he is a California resident. Compl. ¶ 6. Plaintiff does not appear to contest that complete diversity exists, and the Court concludes that it does.

### C. Amount in Controversy

Plaintiff argues that defendant has failed to establish that the amount in controversy in this action exceeds $5 million. Defendant, however, estimates that the amount placed in controversy by plaintiff's claims is at least $15,558,188. Notice of Removal ¶ 32.

Defendant reaches this total by aggregating three amounts. First, defendant calculates the amount in controversy with respect to the "'Pay Stub Class' only" – in other words, those class members who were not provided accurate wage statements in violation of California Labor Code § 226. Id. ¶ 17. California Labor Code § 226(e) permits an employee who does not receive an accurate and complete wage statement to recover "the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) . . . for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)." Cal. Lab. Code § 226(e). Based on the assumption that all Pay Stub class members are entitled to the statutory maximum penalty of $4,000, defendant estimates that the Section 226(e) penalties amount to $10,516,000. Id. ¶ 25. Second, defendant calculates penalties under PAGA for the aggrieved employees who suffered a violation of Section 226. Id. ¶¶ 28–29. Based on the assumption that defendant violated Section 226 with respect to every pay period for every putative Pay Stub class member, defendant estimates that the PAGA penalties amount to $6,289,000. Id. ¶ 29. Defendant does not calculate the amount in controversy for any of plaintiff's nine other claims. Third, defendant alleges that the amount in controversy should include attorneys' fees totaling $3,111,638. Id. ¶ 31. Defendant reaches this conclusion by calculating 25% of its aggregate estimate of Section 226(e) and PAGA penalties. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-05590-CAS(RAOx) | Date | September 26, 2016 |
| Title | CHARLES RODRIGUEZ v. US BANK NATIONAL ASSOCIATION, DBA US BANK, ET AL. | | |

In response, plaintiff argues that defendant's calculation with respect to the Pay Stub class is based on an "unsupported assumption of 100% violation rate." Mot. at 4. Plaintiff also contends that defendant improperly aggregated plaintiff's PAGA claim, which may not be added to class claims to satisfy the jurisdictional amount under CAFA. Id. at 10. Lastly, plaintiff avers that defendant's attorneys' fees calculation is unsupported because it is based on underlying calculations that are impermissibly speculative. Id. at 12.

The Court agrees with plaintiff. Specifically, the Court finds that the amount in controversy that defendant calculates with respect to plaintiff's wage statement claim is not adequately supported by evidence. PAGA claims may not be aggregated with class claims to satisfy the jurisdictional amount required under CAFA. Lastly, defendant's calculation of attorneys' fees is unsupported and improper because it based on its speculative estimate of Section 226(e) penalties and its improper aggregation of PAGA penalties.

### 1. California Labor Code § 226(e) Penalties

Defendant submits no evidence that would support the assumption that every Pay Stub class member is entitled to the maximum statutory penalty for defendant's failure to provide accurate, itemized wage statements. Instead, defendant argues that it is appropriate to assume a 100% violation rate for two reasons: first, plaintiff did not specifically allege an amount of damages, Opp'n at 6; and second, plaintiff alleges that wage statement violations occurred whenever wage statements failed to reflect hours worked "off-the-clock," premium payments for meal and rest periods, and forfeited vacation pay—violations that "occurred 'regularly,' 'customarily,' 'consistently,' 'routinely,' and 'systematically.'" Id. at 7 (quoting Compl.). As a result, defendant argues that "Plaintiff easily alleges at least one underlying violation for every two-week pay period." Id. at 7–8.

However, plaintiff's failure to specify an amount in controversy does not justify defendant's assumption of a 100% violation rate. In calculating the amount in controversy for purposes of CAFA, courts have been hesitant to accept unsupported assumptions of a 100% violation rate. See, e.g., Amaya v. Consolidated Container Co., LP, 2015 WL 4574909, at *2 (C.D. Cal. Jul. 28, 2015) ("[A] defendant cannot assume a 100% violation rate based on the plaintiff's general allegation of a 'pattern and practice'"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-05590-CAS(RAOx) | Date | September 26, 2016 |
| Title | CHARLES RODRIGUEZ v. US BANK NATIONAL ASSOCIATION, DBA US BANK, ET AL. | | |

of unlawful activity.). The Court acknowledges that some courts have assumed a 100% violation rate where the complaint did not provide a clear basis for calculation. See Opp'n at 6. However, these cases are "unpersuasive" because they "improperly shift the burden to plaintiff to refute speculative assertions of jurisdiction and establish that there is no jurisdiction." Vasserman v. Henry Mayo Newhall Mem'l Hosp., 65 F. Supp. 3d 932, 982 (C.D. Cal. 2014) (Morrow, J.). While defendant need not "prove Plaintiff's case," Opp'n at 7, defendant, as the proponent of federal jurisdiction, retains the burden of establishing removal jurisdiction, Abrego Abrego, v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). Here, defendant introduces no evidence that suggests that defendant failed to provide accurate wage statements to each and every Pay Stub class member or that defendant failed so frequently in this regard as to owe the statutory maximum penalty to each Pay Stub class member. Cf. Garibay, 539 Fed. Appx. at 764 ("[Plaintiff] also alleges violations of Cal. Labor Code § 203, which provides that employers who fail to timely pay all earned wages upon termination are subject to a fine equal to the employee's normal wages for each day the wages are late, up to a maximum of 30 days. [Defendant] assumes that each employee would be entitled to the maximum statutory penalty, but provides no evidence supporting that assertion"). "The fact that an employee may have received an inaccurate wage statement for one pay period—e.g., because of a missed meal period—does not support an inference that the employee received an inaccurate wage statement each and every pay period for a year." Vasserman, 65 F. Supp. 3d at 979.

Additionally, in cases where courts have permitted defendants to assume a 100% violation rate, the plaintiff has expressly alleged that the defendant engaged in a "uniform" practice resulting in continuous violations. See, e.g, Mejia v. DHL Express (USA), Inc., 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) (finding a 100% violation rate was a permissible assumption where plaintiff alleged that defendant "adopted and maintained uniform policies, practices and procedures that caused the purported violations of California's rest period law"); see also Ibarra, 775 F.3d at 1199 (suggesting that an allegation that the defendant "universally, on each and every shift" violated labor laws would be sufficient to support an assumed 100% violation rate); LaCross v. Knight Transp. Inc., 775 F.3d 1200, 1203 (9th Cir. 2015) (accepting defendant's assumption that the class worked for the entirety of the year because the defendant relied on "actual invoiced . . . costs" from a past year and extrapolated from that amount based the number of employees for the year in question). It is true that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 2:16-cv-05590-CAS(RAOx) | Date | September 26, 2016 | |
| Title | CHARLES RODRIGUEZ v. US BANK NATIONAL ASSOCIATION, DBA US BANK, ET AL. | | | |

plaintiff avers that defendant maintained a "uniform corporate policy and practice [that] routinely required its non-exempt employees . . . to work over eight hours in a day and over forty hours in a work week", Compl. ¶ 63; that defendant had a "uniform lack of relief system", id. ¶ 81; and that defendant "systematically and uniformly failed and/or refused to implement a relief system by which Plaintiffs and the class members could receive paid rest breaks and/or work free rest breaks", id. ¶ 82. Nonetheless, the instant case is more like Ibarra than it is like Mejia or LaCross for three reasons. First, plaintiff alleges that defendant generally maintained "unlawful policies and practices," id. ¶ 33; that deprivation of overtime pay arose from defendant's "corporate policy and practice," id. ¶ 63, and from defendant's "common policies, practices, and refusal to pay the full amount of compensation for all overtime hours worked", id. ¶ 66; that defendant's failure to maintain accurate, complete, and readily available records arose because of defendant's "policy or practice" id. ¶ 113; and that defendant "engaged in a pattern and practice of acts of unfair competition," id. ¶ 121. Plaintiff's allegation of a "pattern and practice" or an "institutionalized unwritten policy" "does not necessarily mean [that defendant was] *always* doing something." Ibarra, 775 F.3d at 1198–99. Second, unlike LaCross, defendant provides no data from which to extrapolate that defendant failed to provide accurate wage statements to *every* Pay Stub class members for *every* pay period. And third, plaintiff's individual claims make clear that he does not allege that defendant "universally, on each and every shift, violate[d] labor laws." Ibarra, 775 F.3d at 1198–99. For example, plaintiff alleges, inter alia, that he and other class members are entitled to "the *unpaid* minimum and overtime wages owed to the class" and "damages in the form of premium and *unpaid* penalties, [and] compensation for all *unpaid* meal periods." Compl. ¶ 7 (emphases added); id. ¶¶ 20, 56, 57, 67, 96 (substantially the same); that defendant refused to pay the "*full* amount of compensation earned for all overtime hours worked", id. ¶ 66 (emphasis added); and that plaintiff seeks civil penalties "for each day that an aggrieved employee was paid late, at the time of termination, until payment was/is made, up to a maximum of thirty (30) days," id. at 31 (not for 30 days in all cases). Moreover, even if defendant *always* required off-the-clock labor and *always* failed to implement a relief system (which plaintiff does not allege and defendant does not demonstrate), it does not necessarily follow that the wage statements of every Pay Stub class member *always* failed to reflect overtime hours worked or premium payments for meal and rest periods.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 2:16-cv-05590-CAS(RAOx) | Date | September 26, 2016 | |
| Title | CHARLES RODRIGUEZ v. US BANK NATIONAL ASSOCIATION, DBA US BANK, ET AL. | | | |

Accordingly, the Court finds defendant's calculation of the possible recovery on plaintiff's wage statement claim to be unsupported and speculative. As the Ninth Circuit has explained, "a damages assessment may require a chain of reasoning that includes assumptions." Ibarra, 775 F.3d at 1199. Nonetheless, "[w]hen that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." Id. Moreover, when "confronted with a motion to remand . . . the defendant bears the burden of establishing jurisdiction by a preponderance of the evidence." Amaya, 2015 WL 4574909, at *1; cf Pereira v. Gate Gourmet, Inc., No. 08–07469 MMM (PJWx), 2009 WL 1212802, *5 (C.D. Cal. Apr. 30, 2009) ("Here, [defendant] is the party best positioned to adduce evidence regarding its conduct. In support of its notice of removal, [defendant] could have proffered evidence regarding its actual policies or practices in order to counteract [plaintiff's] allegations. It could have conducted a sampling or other analysis demonstrating that it was more likely than not that a sufficient number of class members were not paid for thirty days after the date wages were due [such] that more than $5,000,000 was at issue. Adducing such evidence would not have required that [defendant] prove [plaintiff's] case or answer the 'ultimate question' presented by this litigation. . . . Consequently, the court must conclude that it has not carried its burden of proof regarding subject matter jurisdiction. As a result, remand is appropriate"). Here, because defendant's calculations are based on attenuated and unsupported assumptions, defendant has failed to demonstrate by a preponderance of the evidence that Section 226(e) penalties amount to $10,516,000 or even that they exceed $5,000,000.

### 2. PAGA penalties

Defendant estimates that plaintiff's claims under PAGA add $6,289,000 to the amount in controversy. Notice of Removal ¶ 29. Plaintiff, in turn, argues that PAGA claims cannot be aggregated with class claims to satisfy the jurisdictional amount required under CAFA. Mot. at 11. The Court agrees with plaintiff.

The Ninth Circuit, considering whether PAGA qualifies as a statute authorizing a class action, has held that "PAGA actions are [] not sufficiently similar to Rule 23 class actions to trigger CAFA jurisdiction." Baumann v. Chase Inv. Servs. Corp., 747 F.3d 1117, 1122 (9th Cir. 2014), cert. denied, 135 S. Ct. 870, 190 L. Ed. 2d 702 (2014). The court concluded that "[a] PAGA action is at heart a civil enforcement action filed on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-05590-CAS(RAOx) | Date | September 26, 2016 |
| Title | CHARLES RODRIGUEZ v. US BANK NATIONAL ASSOCIATION, DBA US BANK, ET AL. | | |

behalf of and for the benefit of the state, not a claim for class relief." Id. at 1124. The court arrived at that conclusion in part because "the California Supreme Court has authoritatively addressed that issue, holding that PAGA actions are not class actions under state law." Id. at 1121. Furthermore, a "PAGA claim [that] was not brought as a class claim . . . cannot be deemed to be a class claim." Yocupicio v. PAE Grp., LLC, 795 F.3d 1057, 1060 (9th Cir. 2015). The Ninth Circuit has since explained that in Yucupicio, the court held that "PAGA claims cannot be aggregated with class claims to satisfy the jurisdictional amount required under CAFA." Chavez v. Time Warner Cable Enterprises LLC, 617 F. App'x 829, 830 (9th Cir. 2015). Courts in this district have reached the same conclusion. See Phan v. Sears, Roebuck & Co., No. 5:15-CV-02582-ODW-KK, 2016 WL 1408057, at *2 (C.D. Cal. Apr. 11, 2016) ("Ninth Circuit case law holds that when an action containing class claims does not meet the CAFA jurisdictional amount, PAGA penalties cannot be used to satisfy the requirement. CAFA was enacted to facilitate adjudication of class claims, but Plaintiff brings PAGA as a representative claim in contravention with the purpose of CAFA. Therefore, penalties resulting from the PAGA cause of action will not be considered in evaluating the amount in controversy for the class action.") (citations omitted); Blevins v. Republic Refrigeration, Inc., No. 2:15-CV-04019-MMM-MRW, 2015 WL 12516693, at *14 n.44 (C.D. Cal. Sept. 25, 2015) ("Although [defendant] included PAGA penalties in its calculation of the amount in controversy included in its notice of removal, the court cannot take those penalties into account in assessing the amount in controversy under CAFA following Yocupicio []. There, the Ninth Circuit held that PAGA penalties cannot be aggregated with class claims to satisfy CAFA's amount in controversy requirement.") (citation omitted). The Court therefore concludes that defendant may not aggregate plaintiff's PAGA claims with the class claims in order to meet CAFA's amount in controversy requirement.

### 3. Attorneys' fees

Defendant estimates attorneys' fees by calculating 25% of the aggregate penalties that it estimated under Section 226(e) and PAGA. However, defendant's estimate for Section 226(e) penalties is not adequately supported by evidence, as described above. And defendant may not rely on PAGA penalties in calculating the amount in controversy under CAFA. The Court thus concludes that defendant's estimate of attorneys' fees is too indefinite to be credible.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-05590-CAS(RAOx) | Date | September 26, 2016 |
| Title | CHARLES RODRIGUEZ v. US BANK NATIONAL ASSOCIATION, DBA US BANK, ET AL. | | |

## VI. CONCLUSION

For the reasons stated, the Court finds that defendant has failed to establish that the amount in controversy in this action exceeds $5 million as is required for CAFA jurisdiction. Accordingly, the Court **GRANTS** plaintiff's motion to remand and, therefore, does not reach defendant's motion to dismiss, which is **DENIED** as moot.

IT IS SO ORDERED.

|  |  |  | 00 | : | 06 |
|---|---|---|---|---|---|
|  |  | Initials of Preparer |  | CMJ |  |